■ MARIE B. BACHMAN, Respondent, v TOWN OF NORTH HEMPSTEAD, Defendant, and THOMAS RUSSO et al., Appellants. [665 NYS2d 100] —In an action to recover damages for personal injuries, the defendants Thomas Russo and Pamela Russo appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 7, 1997, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the complaint is dismissed insofar as asserted against the defendants Thomas Russo and Pamela Russo.

The plaintiff tripped and fell on a raised concrete flag in the public sidewalk in front of the residence of the defendants Thomas Russo and Pamela Russo, which is located in the Town of North Hempstead.

It is well settled that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner created the defective condition, or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty (*Hausser v Giunta,* 88 NY2d 449, 453; *Eidelman v Hochauser,* 242 AD2d 596; *Strauss v Tam Tam Inc.,* 231 AD2d 564; *Figueroa v City of New York,* 227 AD2d 373; *Rosales v City of New York,* 221 AD2d 329).

No statute or ordinance imposes liability on the abutting

landowners, the defendants Thomas Russo and Pamela Russo, in this case. Moreover, they made a prima facie showing of their entitlement to summary judgment by submitting an affidavit by Pamela Russo in which she indicated that neither she nor her husband ever repaired the sidewalk, that they never hired anyone to make repairs to the sidewalk, and that they do not maintain any special use of the sidewalk in the area where the plaintiff alleged she had fallen (*see, Figueroa v City of New York, supra,* at 373; *Rosales v City of New York, supra,* at 329; *see also, Carbone v Pathrose,* 236 AD2d 352).

We find no merit to the plaintiff's remaining contentions. Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.

