■ CAMILLE MARINACCIO, Appellant, v LeCHAMBORD RESTAURANT et al., Respondents. [667 NYS2d 395] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered August 2, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 1992 the plaintiff tripped and fell on a rubberized mat in an outside patio area of the defendant restaurant. After she fell, she lifted the mat and noticed that a corner of a piece of the slate or flagstone underneath was broken off, creating a depression. Alleging that the depression as covered by the rubberized mat constituted a defective and/or dangerous condition, the plaintiff commenced this action against, *inter alia,* the defendant restaurant and its owner/operator Roy Benich (hereinafter collectively referred to as the defendants).

At an examination before trial, the plaintiff stated that certain photographs of the slate piece in question, taken by an acquaintance shortly after her fall, accurately reflected the condition of the slate at the time of her fall. The defendants thereafter moved for summary judgment dismissing the complaint, arguing that, as a matter of law, the depth of the depression was too minor or trivial to be actionable. In the order appealed from, the Supreme Court, after, *inter alia,* examining

the photographs, agreed and dismissed the complaint. We now affirm.

Whether a dangerous or defective condition exists depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury (*see, Guerrieri v Summa,* 193 AD2d 647). However, a property owner may not be held liable in damages for " 'trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection' " (*Guerrieri v Summa,* 193 AD2d 647, *supra,* quoting *Liebl v Metropolitan Jockey Club,* 10 AD2d 1006; *see also, Hecht v City of New York,* 89 AD2d 524, *mod on other grounds* 60 NY2d 57; *Mascaro v State of New York,* 46 AD2d 941, *affd* 38 NY2d 870; *Levine v Macy & Co.,* 20 AD2d 761). Here, scrutiny of the photographs identified by the plaintiff as accurately reflecting the condition of the slate at the time of her fall supports the Supreme Court's conclusion that, as a matter of law, the alleged defect, which did not have any of the characteristics of a trap or snare, was too trivial to be actionable (*see, Trincere v County of Suffolk,* 90 NY2d 976; *Guerrieri v Summa, supra; Morales v Riverbay Corp.,* 226 AD2d 271). Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.