SUSAN SLATE, Individually and as Parent and Natural Guardian of RYAN SLATE, Respondent, v FREDONIA CENTRAL SCHOOL DISTRICT, Appellant. [682 NYS2d 507] —Order unanimously affirmed with costs. Memorandum: Although defendant presented sufficient evidence to entitle it to summary judgment dismissing the complaint, plaintiff raised questions of fact concerning causation, notice and the existence of a dangerous condition on the stair in defendant's school where plaintiff's son fell, thereby warranting denial of defendant's motion (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562).

Although slight differences in elevation have been held to be nonactionable (*see, Morales v Riverbay Corp.*, 226 AD2d 271; *see also, Julian v Sementelli*, 234 AD2d 866; *Guerrieri v Summa*, 193 AD2d 647), the same cases also hold that even a trivial height differential may be actionable where the defect constitutes a trap, snare, or nuisance. Plaintiff submitted an affidavit of a licensed engineer whose opinion it was that the repair in the stair constituted a trap, notwithstanding its minimal height differential, because the depression in the front part of the repair was not readily observable under normal

conditions, thus creating a question of fact whether the defect constituted a dangerous condition.

The remaining contentions of defendant lack merit or are not preserved for our review (*see, Walker v Huber*, 254 AD2d 734; *Matter of Rodgers v Crumb*, 242 AD2d 874). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.— Summary Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.