■ ARLINE BURSTEIN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [686 NYS2d 492] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated October 14, 1997, which granted the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The appeal brings up for review so much of an order of the same court, dated April 17, 1998, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated October 14, 1997, is dismissed, as that order was superseded by the order dated April 17, 1998, made upon reargument; and it is further,

Ordered that the order dated April 17, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff Arline Burstein was injured when she tripped on the edge of a terrazzo floor in the entryway of a store. The terrazzo floor was raised less than one inch above the abutting sidewalk. The Supreme Court properly determined that, as a matter of law, based on the dimensions and appearance of the alleged defect and the circumstances of the injury, the slight difference in elevation between the terrazzo floor and the sidewalk did not constitute a dangerous or defective condition (*see, Trincere v County of Suffolk,* 90 NY2d 976). The condition was open and apparent and did not have any of the characteristics of a trap or nuisance (*see, Maloid v New York State Elec. & Gas Corp.,* 257 AD2d 712; *Lopez v New York City Hous. Auth.,* 245 AD2d 273; *Guerrieri v Summa,* 193 AD2d 647).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.