■ CORASUE RESS, Respondent, v INCORPORATED VILLAGE OF HEMPSTEAD et al., Defendants, and HEMPSTEAD ASSOCIATES, Appellant. [716 NYS2d 314] —In an action to recover damages for personal injuries, the defendant Hempstead Associates appeals from an order of the Supreme Court, Nassau County (Cozzens,

J.), dated November 10, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it. The appeal brings up for review so much of an order of the same court dated March 27, 2000, as upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated November 10, 1999, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 27, 2000, made upon reargument; and it is further,

Ordered that the order dated March 27, 2000, is reversed insofar as reviewed, on the law, with costs, upon reargument, the order dated November 10, 1999, is vacated, the motion for summary judgment dismissing the complaint insofar as asserted against Hempstead Associates is granted, and the action against the remaining defendants is severed.

On October 26, 1995, the plaintiff tripped and fell on a sidewalk located in front of the appellant's building. She commenced this action, alleging that her injuries were proximately caused by a dangerous and defective condition of the sidewalk.

Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the facts and circumstances of each case and is generally a question of fact for the jury (see, Trincere v County of Suffolk, 90 NY2d 976, 977; Marinaccio v LeChambord Rest., 246 AD2d 514, 515). However, a property owner may not be held liable for damages for " ' "trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his [or her] toes, or trip over a raised projection" ' " (Marinaccio v LeChambord Rest., supra, at 515). The photographs identified by the parties as accurately reflecting the condition of the sidewalk at the time of the accident support the conclusion that, as a matter of law, the alleged defect was too trivial to be actionable (see, Trincere v County of Suffolk, supra; Marinaccio v LeChambord Rest., supra). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.