■ Nancy Nathan, Appellant, v City of New Rochelle, Defendant, and New Roc Associates, L.P., Respondent. [723 NYS2d 402] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 8, 1999, as granted that branch of the motion of the defendant New Roc Associates, L.P., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she tripped on a crack in the sidewalk in front of a building owned by the defendant New Roc Associates, L.P. (hereinafter New Roc). The Supreme Court granted the motion of New Roc for summary judgment dismissing the complaint insofar as asserted against it, determining that the approximately one-inch height difference created by the crack constituted a trivial, nonactionable defect. We affirm.

After New Roc established its prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Generally, the issue of whether a dangerous or defective condition exists depends on the peculiar facts and circumstances of each case, and is properly a question of fact for the jury (*see, Trincere v County of Suffolk,* 90 NY2d 976, 977; *Riser v New York City Hous. Auth.,* 260 AD2d 564; *Marinaccio v LeChambord Rest.,* 246 AD2d 514, 515). However, not every injury allegedly caused by an elevated brick or sidewalk slab need be submitted to a jury (*see, Trincere v County of Suffolk, supra; Riser v New York City Hous. Auth., supra; Marinaccio v LeChambord Rest., supra; Lopez v New York City Hous. Auth.,* 245 AD2d 273, 274). Here, scrutiny of the photograph identified by the plaintiff as accurately depicting the pavement where she fell, and consideration of all other relevant factors, support the Supreme Court's determination that the defect, which did not have any of the characteristics of a trap or snare, was too trivial to be actionable as a matter of law (*see, Sanna v Wal-Mart Stores,* 271 AD2d 595; *Lopez v New York City Hous. Auth., supra; Guerrieri v Summa,* 193 AD2d 647). The plaintiff's assertion that triable issues of fact were raised by the time, place, and circumstances of the accident are without merit (*see, Sanna v Wal-Mart Stores, supra; Herrera v City of New York,* 262 AD2d 120; *Morris v Nacmias,*

245 AD2d 432). Santucci, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.