■ DEBRA A. SQUIRES et al., Respondents, v COUNTY OF ORLEANS, Appellant. [726 NYS2d 536] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion seeking summary judgment dismissing the complaint. A property owner may not be held liable for damages caused by trivial defects on a walkway that do not constitute a trap or nuisance that could cause a pedestrian to stumble, stub his or her toes, or trip (*see, Marinaccio v LeChambord Rest.*, 246 AD2d 514, 515; *see also, Ress v Incorporated Vil. of Hempstead*, 276 AD2d 681, 682; *Neumann v Senior Citizens Ctr.*, 273 AD2d 452, 453). Debra A. Squires (plaintiff) testified that construction at the courthouse required her to reach the entrance by stepping over a curb. She further testified that she caught her foot on an area of the curb that was "cracked and crumbly," causing her to fall and sustain physical injuries. Plaintiff testified that the broken or worn part of the curb was "a small area" and her husband testified that the area had no "measurable depth." Further, "[s]crutiny of the photographs identified by the plaintiff as accurately reflecting the condition of the [curb] at the time of [her] fall supports [defendant's contention] that, as a matter of law, the alleged defect, which did not have any of the characteristics of a trap or snare, was too trivial to be actionable" (*Riser v New York City Hous. Auth.*, 260 AD2d 564; *see, Guerrieri v Summa*, 193 AD2d 647). We therefore reverse the order, grant defendant's motion and dismiss the complaint. (Appeal from Order of Supreme Court, Orleans County, Notaro, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.