■ MARILYN ARSENICOS et al., Appellants, v WESTLAND SOUTH SHORE MALL et al., Respondents. [742 NYS2d 329] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 24, 2001, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered August 8, 2001, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff Marilyn Arsenicos allegedly tripped and fell over a raised ceramic floor tile at the South Shore Mall in Suffolk. The defendants moved for summary judgment dismissing the complaint arguing, inter alia, that the alleged height differential was trivial and, thus, not actionable. The Supreme Court granted the motion, finding that the claimed defect did not constitute a dangerous or defective condition.

Contrary to the plaintiffs' contention, the Supreme Court correctly granted the motion. After the defendants established their prima facie entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact by showing that a defect, in fact, existed which would constitute a dangerous or defective condition (see Trincere v County of Suffolk, 90 NY2d 976) or that the alleged defect had the characteristics of a trap or nuisance (see Nathan v City of New Rochelle, 282 AD2d 585; Hargrove v Baltic Estates, 278 AD2d 278; Neumann v Senior Citizens Ctr., 273 AD2d 452; Burstein v City of New York, 259 AD2d 579). Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.