**Nettie CZOCHANSKI and Matthew Czochanski, Plaintiffs–Appellants,**

v.

**TISHMAN SPEYER PROPERTIES, LTD., Defendant–Cross–Defendant–Appellee.**

**Docket No. 01–9159.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

F. Gerald Fitzpatrick, Fitzpatrick & Fitzpatrick, Bayonne, NJ, on submission, For Plaintiffs–Appellants.

Deborah J. Denenberg, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY, on submission, For Defendant–Cross–Defendant Appellee.

Present: CALABRESI, B.D. PARKER, Circuit Judges, and STEIN, District Judge.*

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiffs appeal an order from the district court (Buchwald, *J.*) granting summary judgment for defendants. For the reasons set forth below, we affirm.

On December 16, 1997, at approximately 2:00 p.m., then 77 year old Nettie Czochan-

---

* The Honorable Sidney H. Stein, United States District Court for the Southern District of New York, sitting by designation.

ski ("Plaintiff") was walking toward the West 49th Street staircase at Rockefeller Center on her way to view the tree. Plaintiff tripped at the top of the stairway and fell partway down the stairs, breaking her left hip and femur. Alleging that her fall was caused by a defect near the top of the concrete stairs, and asserting diversity jurisdiction, Plaintiff and her husband filed suit in federal court, claiming personal injuries arising from the fall. In due course, Tishman Speyer Properties, Ltd. ("Defendant"), the part-owner and managing agent of Rockefeller Center, moved for summary judgment pursuant to Fed. R.Civ.P. 56(b), on the ground that the alleged defect was too trivial to be actionable at law or, in the alternative, that the alleged defect was open and notorious. Defendant submitted with its motion laser-print copies of photographs of the alleged defect. Plaintiff subsequently supplied the court with the original photographs, which Plaintiff and Defendant agreed should be treated as "something akin to a joint submission for purposes of disposition of Defendant's summary judgment motion." Plaintiff contended that Defendant's motion should be denied because it considered only the defect's dimensions, and failed to "take into account the time (Christmas Season), place (stairway) and circumstance (heavy pedestrian traffic)" of the accident.

The district court granted Defendant's motion for summary judgment. The court concluded,

> after examination of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect ... that plaintiff presents no triable issue of fact. Careful scrutiny of the photographs submitted jointly by both parties as accurately depicting the top step at the time of the incident, supports the determination that the alleged defect is merely a slight gouge in the sidewalk that is shallow and gradual in character.

Photographs submitted by the plaintiff reveal the dimensions of the indentation to be four inches in the North—South direction, seven inches in the East–West direction, and only three-eighths of an inch deep. 2001 WL 1006718, at *2 (S.D.N.Y. Aug.21, 2001) (footnotes omitted).

The court also noted that the stairs were clean and dry at the time of the accident, and that the property manager swore by unrebutted affidavit that there were no prior or subsequent accidents or complaints concerning that location. The court concluded that Plaintiff's assertion "that the time, place and circumstances of the accident raise triable issues of fact" was without merit. Plaintiff filed a timely appeal.

We review the district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Moreover, when we sit in diversity in a case like this one, we apply the substantive tort law of the State of New York. *See, e.g., Lee v. Bankers Trust Co.,* 166 F.3d 540, 545 (2d Cir.1999) (noting that under New York choice-of-law rules, the law of the place of the tort usually applies to disputes concerning conduct-regulating rules). Neither party raised a choice-of-law question, and the parties' briefs both assume that New York substantive law applies.

Under New York tort law, whether a dangerous or defective condition exists so as to create liability in negligence "depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury." *Trincere v. County of Suffolk,* 90 N.Y.2d 976, 665

N.Y.S.2d 615, 688 N.E.2d 489, 490 (N.Y. 1997) (internal quotation marks omitted). However, a property owner may not be held liable in damages for "trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection." *Marinaccio v. LeChambord Rest.*, 246 A.D.2d 514, 667 N.Y.S.2d 395, 396 (N.Y.App.Div.1998), (relying on *Trincere*, which held that a one-half inch elevation of a cement slab in the plaza area of a municipal building was not actionable as a matter of law).

To determine whether a defect is too trivial to be negligent, the court should consider the "time, place, and circumstances" of the injury, in addition to dimensions and appearance of the defect. *Trincere*, 665 N.Y.S.2d 615, 688 N.E.2d at 490. In some instances, however, "the trivial nature of the defect may loom larger than another element" and therefore "[n]ot every injury allegedly caused by an elevated brick or slab need be submitted to a jury." *Id.; see Nathan v. City of New Rochelle*, 282 A.D.2d 585, 723 N.Y.S.2d 402, 403 (N.Y.App.Div.2001) (holding that a one-inch height difference created by a crack in a sidewalk is not actionable, and that plaintiff's assertions "that triable issues of fact were raised by the time, place, and circumstances of the accident are without merit"); *but see Sanna v. Wal–Mart Stores, Inc.*, 271 A.D.2d 595, 706 N.Y.S.2d 156 (N.Y.App.Div.2000) (holding that, although the alleged defect was only one-half inch deep, plaintiffs raised triable issue of fact as to whether the color of the carpet and poor lighting in the room "presented a trap for the unwary"). New York courts often rely on the judge's examination of photographs to determine whether a defect is trivial as a matter of law. *See, e.g., Nathan*, 723 N.Y.S.2d at 403; *Figueroa v. Haven Plaza Hous. Dev. Fund Co.*, 247 A.D.2d 210, 668 N.Y.S.2d 203 (N.Y.App.Div.1998); *Marinaccio*, 667 N.Y.S.2d at 396.

Plaintiff contends that the district court erred in applying what it terms the "trivial sidewalk defect defense" to a stairway accident. But we find no cases stating or even suggesting that New York law limits this doctrine to defects in sidewalks as against outdoor plaza-type stairways. Indeed, in *Vachon v. State*, 286 A.D.2d 528, 729 N.Y.S.2d 212 (N.Y.App.Div.2001), a case with facts very similar to this one, the court affirmed the dismissal of a tort action on trivial defect grounds where the plaintiff tripped and fell down a stairway while exiting the State Capitol and alleged that the fall was caused by a defect in a granite slab at the top landing of the stairs. *Id.* at 213–14. And while another case involving a stairway fall concluded that a trial was warranted, the court did so only after undertaking the trivial defect analysis and concluding that, given all the circumstances in the case before it, the defense did not apply. *See Slate v. Fredonia Cent. Sch. Dist.*, 256 A.D.2d 1210, 682 N.Y.S.2d 507 (N.Y.App.Div.1998). Significantly, the New York court nowhere intimated that the trivial defect defense was generally inapplicable to stairway accidents.

We are satisfied that the court carried out the trivial defect analysis properly, that is, that it considered not only the defect's dimensions, but also the circumstances surrounding the accident. And after examining the record we cannot say that its conclusion was erroneous under New York law.

We have considered all of Plaintiff's claims and find them meritless. We therefore AFFIRM the judgment of the district court.