■ CAROL GBUR, Appellant, v WAINWRIGHT HOUSE, INC., Defendant, and GARY STONE, INC., Doing Business as CORNER STONE CATERERS, Respondent. [846 NYS2d 653]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated December 5, 2006, as granted the motion of the defendant Gary Stone, Inc., doing business as Corner Stone Caterers, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the evening of October 10, 2004 the plaintiff attended a wedding reception, held in an outdoor tent containing a dance floor which had been provided by the defendant Gary Stone, Inc., doing business as Corner Stone Caterers (hereinafter the respondent). The dance floor consisted of tiles, which the respondent's principal Gary Stone believed were made of plastic. During the course of the evening, the plaintiff walked onto and off the dance floor four times, without incident. However, after using the dance floor a fifth time, the plaintiff slipped and fell as she backed off the dance floor tiling and onto the carpeting, which covered the floor in the rest of the tent. Following the commencement of this action, the respondent moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that the alleged height differential between the dance floor and the adjacent carpeting was trivial, and thus, not actionable.

Contrary to the plaintiff's contention, the Supreme Court properly granted the respondent's motion (see Joseph v Villages at Huntington Home Owners Assn., Inc., 39 AD3d 481, 482 [2007]; Taussig v Luxury Cars of Smithtown, Inc., 31 AD3d 533, 533-534 [2006]). After the respondent established its prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the accident was proximately caused by any dangerous or defective condition created by the respondent (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Arsenicos v Westland S. Shore Mall, 294 AD2d 385 [2002]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.