■ JAMES SPIEGEL, Appellant, v VANGUARD CONSTRUCTION AND DEVELOPMENT COMPANY et al., Respondents. [860 NYS2d 11]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 9, 2006, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record establishes defendants' entitlement to summary judgment by demonstrating that the height differential of one inch between the carpeted area of the floor and the adjacent cement floor did not have any of the characteristics of a trap or snare, and was not actionable (*see Kwitny v Westchester Towers Owners Corp.*, 47 AD3d 495 [2008]; *Martin v Lafayette Morrison Hous. Corp.*, 31 AD3d 300 [2006]; *Morales v Riverbay Corp.*, 226 AD2d 271 [1996]). No specificity of detail beyond the one-inch differential is presented here. Plaintiff testified that he was looking at the subject area when he fell. However, the photographs do not evidence a trap such as an edge posing a tripping hazard, or a situation where a defect might have been masked from view. Moreover, plaintiff is unable to establish that defendants 500-512 Seventh Avenue Associates, an out-of-possession landlord, and Helmsley-Spear, its managing agent, had actual or constructive notice of the alleged defect (*see Morchik v Trinity School*, 257 AD2d 534, 536 [1999]). Concur—Mazzarelli, J.P., Andrias, Gonzalez and Acosta, JJ.