■ BONNIE LOU SHARPE et al., Respondents, v ULRICH DEVELOPMENT COMPANY, LLC, et al., Appellants, et al., Defendants. [859 NYS2d 851]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 24, 2007 in a personal injury action. The order, insofar as appealed from, denied the motion of defendants Ulrich Development Company, LLC and 111 Main Street, LLC for summary judgment dismissing the complaint against them.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Ulrich Development Company, LLC and 111 Main Street, LLC is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Bonnie Lou Sharpe (plaintiff) when she allegedly tripped and fell on the sidewalk while enter-

ing the building where she had been employed for two years. We conclude that Supreme Court erred in denying the motion of Ulrich Development Company, LLC and 111 Main Street, LLC (collectively, defendants), the owners of the building, for summary judgment dismissing the complaint against them. Plaintiff testified at her deposition that she used the entrance at issue approximately half the time when entering and exiting the building, and she did not determine that "a raise in the sidewalk" caused her to fall until she returned to the scene some unspecified time after her fall. Plaintiff further testified that the height differential in the blocks of the sidewalk was one inch or less, the weather on the day of her fall was clear, sunny and warm, and she and a coworker were the only people entering the building at that time. After examining the photographs depicting the width, depth and irregularity of the defect in the sidewalk, and in view of the time, place and circumstances of plaintiff's injury, we conclude that defendants established as a matter of law that the defect is too trivial to be actionable (*see e.g. Stylianou v Ansonia Condominium*, 49 AD3d 399 [2008]; *Zalkin v City of New York*, 36 AD3d 801 [2007]; *Trionfero v Vanderhorn*, 6 AD3d 903, 904 [2004]; *cf. Mishaan v Tobias*, 32 AD3d 1000, 1001-1002 [2006]; *Billera v Paolangeli*, 20 AD3d 743, 745 [2005]; *McKenzie v Crossroads Arena*, 291 AD2d 860 [2002], *lv dismissed* 98 NY2d 647 [2002]). We further conclude that plaintiffs failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.