■ CAROL DERY et al., Respondents, v K MART CORPORATION et al., Appellants. [924 NYS2d 154]—

In an action to recover damages for personal injuries, etc., the defendant Serota Brooktown III, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), entered December 22, 2009, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant K Mart Corporation separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Serota Brooktown III, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and the cross motion of the defendant K Mart Corporation for summary judgment dismissing the complaint and all cross claims insofar as asserted against are granted.

On June 11, 2002, while stepping onto a curb at a shopping center owned by the defendant Serota Brookstone III, LLC (hereinafter Serota), in front of a store operated by the defendant K Mart Corporation (hereinafter K Mart), the plaintiff Carol Dery (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell over a chip in the curb. Serota moved

for summary judgment on the ground, inter alia, that the defect was trivial as a matter of law and, therefore not actionable. K Mart cross-moved for similar relief on the same basis, as well as upon other grounds. The Supreme Court denied the motion and cross motion. We reverse.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury' " (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993] [internal quotation marks omitted]; *see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]). However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Aguayo v New York City Hous. Auth.*, 71 AD3d at 927; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481 [2007]; *Outlaw v Citibank, N.A.*, 35 AD3d 564 [2006]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]).

Here, upon reviewing photographs of the chip and considering all other relevant factors, including the injured plaintiff's deposition testimony, we conclude that K Mart and Serota established, prima facie, that the alleged defect was not actionable as it was trivial and did not possess the characteristics of a trap or nuisance (*see Trincere v County of Suffolk*, 90 NY2d at 977-978; *Aguayo v New York City Hous. Auth.*, 71 AD3d at 927). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted both the motion of Serota and the cross motion of K Mart for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Angiolillo, J.P., Dickerson, Eng and Belen, JJ., concur.