**Homa NATIJEHBASHEM, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 10–CV–0247 (SJF)(AKT).**

United States District Court, E.D. New York.

July 13, 2011.

Harlan A. Platz, Fink & Platz, Garden City, NY, for Plaintiff.

Robert W. Schumacher, II, U.S. Attorney's Office, Central Islip, NY, for Defendant.

## OPINION & ORDER

FEUERSTEIN, District Judge.

### I. Introduction

On January 21, 2010, plaintiff Homa Natijehbashem ("plaintiff") and her husband Sion Ouriel ("plaintiff's husband")[1] commenced this action against defendant United States of America ("defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.*, seeking, *inter alia,* to recover damages for personal injuries she allegedly sustained as a result of a trip and fall over a purported defective condition existing on the public sidewalk adjacent to property

---

1. By order entered July 29, 2010, plaintiff's husband's loss of consortium claim was voluntarily dismissed.

leased by defendant. Defendant now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint. For the reasons set forth herein, defendant's motion is granted.

## II. Background

### A. Factual Background

On February 24, 2006, defendant executed a lease agreement pursuant to which it leased from Mineola PO, LLC ("the landowner") the premises located at 66 Mineola Avenue, Roslyn Heights, New York ("the Roslyn Heights Post Office") for a fixed term of ten (10) years, beginning September 1, 2007 and ending August 31, 2017. (Declaration of Harlan Platz [Platz Decl.], Ex. A). A straight, public sidewalk abuts the front of the Roslyn Heights Post Office. (Defendant's Rule 56.1 Statement of Material Facts [Def. 56.1 Stat.], ¶ 2; Declaration of Michael DiDonato [DiDonato Decl.], ¶ 3)[2]. Defendant did not install, maintain or repair the sidewalk, (Def. 56.1 Stat., ¶ 3; DiDonato Decl., ¶ 4), and never received notice of any kind that the sidewalk was in a dangerous or unsafe condition, (Def. 56.1 Stat., ¶ 4; DiDonato Decl., ¶ 4).

On January 10, 2008, at approximately 6:30 a.m., plaintiff was walking with her husband in front of the Roslyn Heights Post Office. (Transcript of the Deposition of Homa Natijehbashem [Plf. Dep.], pp. 22–26, 40; Transcript of the Deposition of Sion Ouriel [Ouriel Dep.], p. 9). The ground was dry and unobstructed. (Plf. Dep., pp. 22–23; Ouriel Dep., p. 10). Daylight was beginning, (Plf. Dep., p. 22), although it was still dark outside. (Plf. Dep., pp. 22–23).[3] Plaintiff claims that after crossing the street, she took "[t]wo or three steps" from the curb onto the public sidewalk in front of the Roslyn Heights Post Office and "was about to turn," when she tripped on "a bulge" and fell. (Plf. Dep., pp. 24, 29, 32, 35, 61; Ouriel Dep., pp. 11, 14–15).

Plaintiff identified the "bulge" as "a level which was raised on the ground" on a part of the sidewalk in front of the Roslyn Heights Post Office, (Plf. Dep., p. 29), but she could not identify the exact area of the sidewalk where she fell. (Plf. Dep., pp. 29–36, 61, 64–65). Plaintiff's husband testified that he looked at the area after plaintiff fell and saw "something on the asphalt. It was something raised, and it was a little bit higher." (Ouriel Dep., pp. 13–16). Plaintiff's counsel identified the "bulge" over which plaintiff allegedly tripped as a surface height differential of one inch (1″) between a strip of asphalt and the concrete sidewalk. (Declaration of Diane Cabrera [Cabrera Decl.], ¶ 4, Ex. B; Declaration of Harlan Platz [Platz Decl.], ¶ 5). After receiving photographs of the area where plaintiff claims to have fallen, taken on or about February 6, 2008, Michael DiDonato ("DiDonato" or "the postmaster"), the postmaster for the Roslyn Heights Post Office, measured the actual height differential between the sidewalk and the asphalt where plaintiff claims to have fallen to be one-half (.5) inch. (DiDonato Decl., ¶ 5; Ex. A).

**2.** The provisions of defendant's Rule 56.1 Statement of Material Facts to which plaintiff has not specifically disputed are deemed admitted.

**3.** Data from the United States Naval Observatory, Astronomical Applications Department ("USNOAA"), indicates that on January 10, 2008, sunrise was at 7:18 a.m., but "civil twilight" began at 6:48 a.m. *See* http://aa.usno.navy.mil/data/docs/RS_OneDay.php. According to the definition of "civil twilight" by the USNOAA, "complete darkness" ends "sometime prior to the beginning of morning civil twilight." http://aa.usno.navy.mil/faq/docs/RST_defs.php.

## B. Procedural Background

On January 21, 2010, plaintiff commenced this action against defendant pursuant to the FTCA, seeking, *inter alia,* to recover damages for personal injuries she allegedly sustained as a result of the trip and fall over the height differential on the public sidewalk abutting the front of the Roslyn Heights Post Office.

Following the close of discovery on April 27, 2011, (Doc. No. 33), defendant filed this motion pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment dismissing the complaint. According to defendant, it is entitled to judgment as a matter of law because: (a) there is no evidence that it, or any special use by it, created the height differential, and the applicable ordinance of the Town of North Hempstead (the "Town Code") does not expressly impose tort liability on a landowner or lessee for pedestrian injuries caused by a failure to repair a public sidewalk; and (b) in any event, the height differential in the sidewalk between the asphalt and concrete surface, whether one-half inch (½″) or one inch (1″), is not actionable as a matter of law.

## III. Discussion

### A. Summary Judgment Standard

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir.2007) (internal quotations and citations omitted); *see Ricci v. DeStefano,* 557 U.S. 557, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (holding that "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (Emphasis added) (internal quotations and citation omitted)). "A fact is material if it 'might affect the outcome of the suit under governing law.'" *Spinelli v. City of New York,* 579 F.3d 160, 166 (2d Cir.2009) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment." *Chandok v. Klessig,* 632 F.3d 803, 812 (2d Cir.2011); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that summary judgment is appropriate when the non-moving party has no evidentiary support for an essential element for which it bears the burden of proof).

If the district court determines that there is a genuine dispute as to a material fact, the court must then "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment," *Spinelli,* 579 F.3d at 166 (internal quotations and citation omitted); *see also Pucino v. Verizon Wireless Communications, Inc.,* 618 F.3d 112, 117 (2d Cir.2010), to determine whether there is a genuine issue for trial. *See Ricci,* 129 S.Ct. at 2677. A genuine issue exists for summary judgment purposes "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. County of Nassau,* 524 F.3d 160, 163 (2d Cir.2008) (citing *Guilbert v. Gardner,* 480 F.3d 140, 145 (2d Cir.2007)); *see also United Transp. Union v. National R.R. Passen-*

*ger Corp.,* 588 F.3d 805, 809 (2d Cir.2009). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci,* 129 S.Ct. at 2677 (quoting *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

"The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact," *F.D.I.C. v. Great American Ins. Co.,* 607 F.3d 288, 292 (2d Cir.2010) (quotations and citation omitted), after which the burden shifts to the nonmoving party to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.; see also Spinelli,* 579 F.3d at 166. Thus, the nonmoving party can only defeat summary judgment "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of" a factual question that must be resolved at trial. *Spinelli,* 579 F.3d at 166 (internal quotations and citations omitted); *see also Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.,* 352 F.3d 733, 743 (2d Cir.2003) (alterations in original).

**B. Duty to Repair the Sidewalk**

The FTCA authorizes "claims against the United States, for money damages * * * for * * * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1). The parties agree that under the FTCA, the law of the state of New York, where the alleged negligence occurred, governs this action. *See, e.g., Makarova v. United States,* 201 F.3d 110, 114 (2d Cir.2000) ("Under the FTCA, courts are bound to apply the law of the state * * * where the accident occurred.") Thus, defendant may only be held liable under the FTCA "if a private defendant could have been sued by [plaintiff] in [New York]." *Id.* at 113–114.

■ Under New York law, liability for injuries sustained as a result of a dangerous or defective condition on a public sidewalk will generally be imposed upon an owner or lessee of real property abutting the sidewalk only "where the sidewalk was constructed in a special manner for the benefit of the abutting owner [or lessee] * * *, where the abutting owner [or lessee] affirmatively caused the defect * * *, where the abutting landowner [or lessee] negligently constructed or repaired the sidewalk * * * and where a local ordinance or statute specifically charges an abutting landowner [or lessee] with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty * * *." *Hausser v. Giunta,* 88 N.Y.2d 449, 453, 646 N.Y.S.2d 490, 669 N.E.2d 470 (1996); *see also Petrillo v. Town of Hempstead,* 85 A.D.3d 996, 997, 925 N.Y.S.2d 660 (2d Dept.2011) ("An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty."); *Lowenthal v. Theo-*

*dore H. Heidrich Realty Corp.*, 304 A.D.2d 725, 759 N.Y.S.2d 497, 499 (2d Dept.2003) ("[T]he owner or lessee of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition. Liability may only be imposed on the abutting owner or lessee where it either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the owner or lessee the obligation to maintain the sidewalk which imposes liability upon the party for injuries caused by a violation of that duty.") Plaintiff does not allege that defendant caused the alleged defect through a special use of the sidewalk. Accordingly, defendant can only be held liable to plaintiff if plaintiff can show: (1) that a local ordinance or statute imposes (a) a duty upon defendant to maintain and repair the sidewalk and (b) liability upon defendant for injuries resulting from a breach of that duty; or (2) that defendant caused the height differential.

### 1. The Town Code

It is undisputed that Roslyn Heights is a hamlet in Nassau County, New York subject to the governance and code of the Town of North Hempstead (the "Town"). Chapter 48 of the Town Code is referred to as the "Sidewalk Ordinance of the Town of North Hempstead" (the "Sidewalk Ordinance"). *See* Town Code, Chapter 48, Article VI, § 48–14. Article III of the Sidewalk Ordinance, entitled "Notice for Construction or Repair of Sidewalk or Curb (§ 48–5– § 48–9)," governs the duty of owners of property abutting public sidewalks in the Town to, *inter alia*, construct and repair the sidewalks, and does not impose any duty upon lessees of property within the Town to repair abutting sidewalks. Nonetheless, the lease agreement between the landowner and defendant provides, in pertinent part, that defendant is responsible for any repairs and maintenance required of the landowner pursuant to all applicable codes and ordinances. (Lease, ¶¶ 11(d), A.22).

Section 48–5 of the Sidewalk Ordinance only requires a landowner to repair an abutting sidewalk when directed to do so by the Town. Pursuant to Section 48–9 of the Sidewalk Ordinance, a landowner who fails to make a sidewalk repair in accordance with Section 48–5 is only liable to reimburse the Town for the cost of such repairs. The Sidewalk Ordinance does not expressly impose liability upon the landowner for personal injuries resulting from the failure to make any repairs pursuant to Article III thereof.

Plaintiff claims, however, that Section 48–10(B) of the Sidewalk Ordinance requires lessees to maintain abutting sidewalks "in good and safe repair ...". (Plaintiff's Opp. Brief at 9). However, Section 48–10, entitled "Cleaning Sidewalks," of Article IV, entitled "Cleaning and Obstruction," of the Sidewalk Ordinance provides that "[e]very owner, lessee, tenant, occupant or other person in charge of any property within the Town shall at all times keep such sidewalk in good and safe repair and maintain the same clean, free from filth, dirt, weeds or other objects or materials." This section, by its terms, is irrelevant and inapplicable to plaintiff's claim of a sidewalk defect.

In any event, Section 48–10(B) also does not expressly impose liability upon a landowner or lessee for personal injuries resulting from any failure to comply with the duties imposed by that provision. Accordingly, even assuming, *arguendo*, that the duty imposed upon the landowner and lessee pursuant to Section 48–10(B) of the Sidewalk Ordinance included a duty to repair any defective or dangerous condition on the sidewalk abutting the front of the

Roslyn Heights Post Office, liability still cannot be imposed upon defendant for any personal injuries resulting from a breach of that duty under New York law. *See, e.g. Bachman v. Town of North Hempstead,* 245 A.D.2d 327, 327–28, 665 N.Y.S.2d 100 (2d Dept.1997) (granting summary judgment dismissing the complaint alleging injuries sustained as a result of a trip and fall on a raised concrete flag in the public sidewalk in front of the defendants' residence, located in the Town of North Hempstead, on the basis, *inter alia,* that no statute or ordinance imposed liability on the abutting landowners).

### 2. Cause of Height Differential

Plaintiff contends: (1) that "the condition [depicted] in the photographs [of the sidewalk abutting the front of the Roslyn Heights Post Office] is one that could not have been created unless there was a negligent repair performed," (Plf. Mem., p. 8); (2) that "it is clear [from the photographs] that a repair or renovation was made to the subject sidewalk," (Plf. Mem., p. 9); (3) that "th[e] condition [depicted in the photographs] unequivocally indicates that the condition was a man-made one and that a renovation or repair was negligently performed. (Platz Decl. ¶ 5)," (Plf. Mem., p. 10); and (4) that defendant "could have created the unsafe condition" depicted in the photographs, (Plf. Mem., p. 11). Plaintiff apparently considers the photographs to be "proof" creating an issue of fact as to whether defendant performed the repair, thereby creating the alleged defect, and chastises defendant for failing "to offer any explanation as to how or why the sidewalk was repaired or renovated * * *." (Plf. Mem., p. 11).

■ Contrary to plaintiff's contention, the declaration of the postmaster of the Roslyn Heights Post Office constitutes admissible evidence, *see* Fed. R. Civ. Pro. 56(c), that defendant did not create the alleged defect or negligently repair the subject sidewalk. (DiDonato Decl., ¶ 4). Accordingly, defendant established its entitlement to judgment dismissing the complaint as a matter of law, *see, e.g. Bachman,* 245 A.D.2d at 328, 665 N.Y.S.2d 100 (finding that the defendants made a prima facie showing of their entitlement to summary judgment by submitting an affidavit by one of the landowners indicating, *inter alia,* that neither she nor her husband ever repaired the sidewalk or hired anyone else to repair the sidewalk), and the burden shifted to plaintiff to present sufficient evidence establishing the existence of a triable question of fact. *See Spinelli,* 579 F.3d at 166.

Plaintiff has failed to satisfy her burden. In her opposition to defendant's motion for summary judgment, plaintiff provides only non-evidentiary speculation and conjecture insufficient to raise a triable issue of fact. *See, e.g. Patti v. Town of North Hempstead,* 23 A.D.3d 362, 363, 806 N.Y.S.2d 93 (2d Dept.2005) (holding that the plaintiff's speculative and unsupported contention that one of the defendants must have repaired the sidewalk where the accident occurred, and therefore created the allegedly dangerous condition, was insufficient to raise a triable issue of fact).

Even considering the photographs upon which plaintiff relies as proof that a repair had been made to the sidewalk at some unspecific time, there is absolutely no basis from which to infer that it was defendant who made that repair. Plaintiff erroneously attempts to shift the burden of proof as to who or what made the alleged defective condition onto defendant. However, it is beyond cavil that plaintiff would have the burden of proof on this essential issue, i.e., whether defendant breached a duty of care by negligently repairing or otherwise causing the defect on the sidewalk, at trial.

On a motion for summary judgment, "where the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." *Bay v. Times Mirror Magazines, Inc.*, 936 F.2d 112, 116 (2d Cir.1991); *see also Ginsberg v. Healey Car and Truck Leasing, Inc.*, 189 F.3d 268, 270 (2d Cir.1999). Since plaintiff bears the burden of proving that defendant breached a duty of care owed to pedestrians of the public sidewalk abutting the front of the Roslyn Heights Post Office by negligently repairing, or otherwise causing the alleged defect on, the sidewalk at trial, the complete absence of any evidentiary proof, *inter alia*, of who and what caused the alleged defect, or when it was created, following the close of all discovery in this action renders summary judgment dismissing the complaint appropriate.

Absent any evidence that defendant created the alleged defect or caused the alleged defect through a special use of the sidewalk, or that a local statute or ordinance imposed a duty upon defendant to maintain and repair the sidewalk and liability upon defendant for a breach of that duty, the issue of whether defendant had actual or constructive notice of the allegedly defective condition of the sidewalk, (Plf. Mem., p. 7), is immaterial. *See Chandok*, 632 F.3d at 812 (holding that the absence of sufficient proof as to one essential element of a claim renders any factual disputes with respect to other elements of the claim immaterial and insufficient to defeat a motion for summary judgment). Accordingly, any question of fact with respect to defendant's constructive notice of the allegedly defective condition of the subject sidewalk is insufficient to defeat summary judgment.

### C. The Height Differential

■ Even assuming, *arguendo*, that there are triable issues of fact regarding defendant's duty to maintain and repair the sidewalk, summary judgment is appropriate because there is no evidence of a dangerous or defective condition on the subject sidewalk as a matter of law.

Defendant contends that based upon the postmaster's actual measurement of the area where plaintiff allegedly tripped and fell, the height differential between the concrete and asphalt surfaces is one-half inch ($\frac{1}{2}''$). Plaintiff contends, however, that there is a one inch (1") differential where the asphalt strip meets the concrete of the sidewalk. Defendant contends that, even assuming, *arguendo*, that the height differential is one inch (1") as alleged by plaintiff, height differentials of one inch (1") are not actionable under New York case law. Plaintiff contends that the issue of whether the height differential created a dangerous condition is a question of fact precluding summary judgment in favor of defendant.

The New York Court of Appeals has held that:

> "whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury * * *. Of course, in some instances, the trivial nature of the defect may loom larger than another element. Not every injury allegedly caused by an elevated brick or slab need be submitted to a jury * * *."

*Trincere v. County of Suffolk*, 90 N.Y.2d 976, 977, 665 N.Y.S.2d 615, 688 N.E.2d 489 (1997) (internal quotations and citations omitted). "[A] property owner may not be held liable * * * for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip." *Dery v. K Mart Corp.*, 84 A.D.3d 1303, 924 N.Y.S.2d 154,

156 (2d Dept.2011); *see also Czochanski v. Tishman Speyer Properties, Ltd.*, 45 Fed. Appx. 45, 47 (2d Cir.2002) (summary order).

Where the dangerous or defective condition alleged by a pedestrian is a height differential of approximately one inch (1"), New York courts, and courts applying New York law, generally grant summary judgment dismissing the case. *See, e.g. Castle v. Six Flags, Inc.*, 81 A.D.3d 1137, 917 N.Y.S.2d 386 (3d Dept.2011) (finding that the approximate one inch height differential between adjoining concrete slabs was trivial as a matter of law); *Sharpe v. Ulrich Development Co., LLC*, 52 A.D.3d 1319, 859 N.Y.S.2d 851, 852 (4th Dept. 2008) (finding that a height differential of one inch or less between blocks of the sidewalk was too trivial to be actionable); *Spiegel v. Vanguard Construction and Development Co.*, 50 A.D.3d 387, 860 N.Y.S.2d 11 (1st Dept.2008) (finding that a height differential of one inch between a carpeted area of the floor and the adjacent cement floor did not have any characteristics of a trap or snare and was not actionable); *Scott v. United States of America*, No. 04 Civ. 4107, 2006 WL 302337, at *2 (S.D.N.Y. Feb. 9, 2006) (granting summary judgment dismissing the complaint where the plaintiff tripped and fell over a height differential of one inch or less between sidewalk segments outside of a post office and the alleged defect was not irregular, hidden from view, or otherwise compounded by time, place, or circumstances of the accident); *Nathan v. City of New Rochelle*, 282 A.D.2d 585, 723 N.Y.S.2d 402, 403 (2d Dept.2001) (holding that a one inch height differential created by a crack in a sidewalk was too trivial to be actionable as a matter of law); *Burstein v. City of New York*, 259 A.D.2d 579, 686 N.Y.S.2d 492 (2d Dept.1999) (holding that a less than one inch height differential between a terrazzo floor and abutting sidewalk did not constitute a dangerous or defective condition).

Nevertheless, "a mechanistic disposition of a case based exclusively on the dimension of the sidewalk defect is unacceptable." *Trincere*, 90 N.Y.2d at 977–78, 665 N.Y.S.2d 615, 688 N.E.2d 489. In determining whether an alleged defect is trivial as a matter of law, a court must consider all of the facts and circumstances presented in each case, "including the width, depth, elevation, irregularity and appearance of the defect, along with the time, place and circumstance of the injury." *Id.* at 978, 90 N.Y.2d 976, 665 N.Y.S.2d 615, 688 N.E.2d 489 (quotations and citation omitted); *see also Czochanski*, 45 Fed. Appx. at 47.

Plaintiff does not claim that anything but the purported one inch (1") height differential caused her to fall while she was taking a walk on a dry, uncrowded and unobstructed sidewalk during the early morning of a clear day. The alleged defect in this case is, at most, a one inch (1") height differential between a concrete surface and an asphalt surface that "[does] not possess the characteristics of a trap or nuisance." *Dery*, 84 A.D.3d 1303, 924 N.Y.S.2d at 156. Accordingly, the nature of the height differential in this case, in consideration with the time, place and circumstances of the accident, is "too trivial to be actionable as a matter of law." *Nathan*, 723 N.Y.S.2d at 403. Any factual dispute over the measurement of the height differential in this case is immaterial since it does not affect the outcome of this case. *See Spinelli*, 579 F.3d at 166. Therefore, summary judgment dismissing the complaint in its entirety is warranted.

## IV. Conclusion

For all of the foregoing reasons, defendant's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and the complaint is dismissed in its

entirety with prejudice. The Clerk of the Court is directed to enter judgment in favor of defendant and to close this case. SO ORDERED.