MICHAEL LIEBL et al., Respondents, v. METROPOLITAN JOCKEY CLUB et al., Appellants.— In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County, entered June 19, 1959, upon a jury's verdict in favor of the plaintiffs. The case was submitted to the jury on the sole theory that defendants, after having removed the doors of an entranceway leading from a barroom to an enclosure housing the pari-mutuel betting windows, were negligent in allowing the door saddle to remain intact on the floor. The saddle was one inch high and three inches wide. The doorway was five to six feet wide. Judgment reversed on the facts, and a new trial granted, with costs to abide the event. In our opinion, the verdict was against the weight of the credible evidence in that no proof or issue was submitted to the jury as to whether the saddle in question was improperly constructed or constituted a trap wherein a wayfarer's foot might be caught or constituted a nuisance as alleged in the plaintiffs' complaint and bill of particulars (*Nedwell v. Green,* 266 App. Div. 861; *Masliach v. Schriefer,* 264 App. Div. 786). The owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection. (*Leach v. Town of Eastchester,* 263 App. Div. 898; *Leach v. Town of Eastchester,* 265 App. Div. 859, affd. 290 N. Y. 619.) Ughetta, Christ and Pette, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to affirm the judgment, with the following memorandum: Defendants conceded that there was evidence which justified submission of the case to the jury by failing to move to dismiss the complaint or for the direction of a verdict at the close of the entire case (*Murtha v. Ridley,* 232 N. Y. 488, 491–492). Upon all the facts it was for the jury to say whether the defendants had exercised the care which a reasonably prudent person would exercise in maintaining the door sill, in the place and the manner in which it was maintained (cf. *Kern v. Great Atlantic & Pacific Tea Co.,* 241 N. Y. 600). Implicit in the jury's verdict are findings that defendants did not exercise such care and that under all the circumstances disclosed by the evidence the passageway maintained by defendants was not reasonably safe

for use by their patrons. Those findings are not contrary to the evidence or the weight of the evidence because the sill was only one inch in height and did not constitute a trap (cf. *Loughran* v. *City of New York*, 298 N. Y. 320).