■ Donna E. Maloid, Appellant, v New York State Electric and Gas Corporation, Respondent, et al., Defendants. [682 NYS2d 734] —Mercure, J. Appeal from an order of the Supreme Court (Ellison, J.), entered April 11, 1997 in Chemung County, which granted defendant New York State Electric and Gas Corporation's motion for summary judgment dismissing the complaint against it.

On May 9, 1994, plaintiff fell and fractured her wrist while walking on a sidewalk in the City of Elmira, Chemung County. The theory underlying this negligence action is that plaintiff lost her balance due to an unspecified rift and a ½ to ¾-inch height differential between the sidewalk and a steel grate embedded therein, allegedly constituting a dangerous condition. The steel grate, installed and maintained by defendant New York State Electric and Gas Corporation (hereinafter defendant), is one of several large grates positioned in a row in the sidewalk above defendant's underground transformer vault. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion. Plaintiff appeals and we affirm.

"Although the issue of whether a dangerous or defective condition exists 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury (*Schechtman v Lappin*, 161 AD2d 118, 121 * * *), it has been recognized that '[t]he owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection' (*Liebl v Metropolitan Jockey Club*, 10 AD2d 1006)" (*Guerrieri v Summa*, 193 AD2d 647). Although no " 'minimal dimension test' " exists to determine what constitutes a dangerous or defective condition (*Trincere v County of Suffolk*, 90 NY2d 976, 977), not every difference in elevation in a sidewalk presents a question of fact (*see, Evans v Pyramid Co.*, 184 AD2d 960). Instead, "all the facts and circumstances presented, including the dimension of the defect at issue", must be assessed to determine if a question of fact exists (*Trincere v County of Suffolk, supra*, at 977).

In the instant case, based on our consideration of the entire record, including the parties' description of the claimed defect and the manner in which plaintiff came to fall, and our review of clear color photographs of the accident site, we conclude that, as a matter of law, the alleged defect was too trivial to be actionable (*see, Trincere v County of Suffolk, supra*, at 977; *Marinaccio v LeChambord Rest.*, 246 AD2d 514, 515; *Guerrieri v Summa, supra*). In our view, the minimal rift and height differential between the sidewalk and steel grate posed no unreasonable risk of harm and was in any event clearly visible to pedestrians, thereby possessing none of the characteristics of a trap or nuisance (*cf., Durr v New York Cent. & H.R. R. Co.*, 184 NY 320, 324). Accordingly, we conclude that Supreme Court did not err in its grant of summary judgment to defendant.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.