■ SALLY M. SULLIVAN, Appellant, v STATE OF NEW YORK et al., Respondents. [715 NYS2d 87] —Cardona, P. J. Appeal from a judgment of the Court of Claims (King, J.), entered July 7, 1999, upon a decision of the court in favor of defendants.

In September 1996, claimant tripped and fractured her ankle while walking on a concrete sundeck leading to the entrance of the ski lodge at Gore Mountain Ski Center in the Town of North Creek, Warren County. Thereafter, claimant commenced this negligence action alleging that her injuries were caused by a height differential created by a crack in the concrete which extended almost entirely across the entrance to the lodge. Following a trial, the Court of Claims granted defendants' motion dismissing the claim finding that the height differential of one inch or less constituted a trivial defect resulting in no liability. This appeal ensued.

It is well settled that an "owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection" (*Liebl v Metropolitan Jockey Club*, 10 AD2d 1006; *see, Maloid v New York State Elec. & Gas Corp.*, 257 AD2d 712, 713; *Guerrieri v Summa*, 193 AD2d 647). Whether a defect is so trivial to preclude liability depends on the particular facts of each case and requires consideration of such relevant factors as the dimensions of the alleged defect and the circumstances surrounding the injury (*see, Trincere v County of Suffolk*, 90 NY2d 976, 978).

Applying these principles to the instant case, we find no reason to disturb the Court of Claims' determination that the portion of the crack in the concrete sundeck upon which claimant tripped constituted a trivial defect. On the one hand, claimant

testified that the crack where she fell measured 2½ inches in depth. Her husband indicated that the crack measured a maximum depth of approximately 2½ inches at one end and decreased to approximately one inch to three quarters of an inch at the other. Although he did not witness the fall, he testified that the crack was 2½ inches deep in the area where plaintiff tripped. On the other hand, the Gore Mountain employee who examined the defect immediately following claimant's injury testified that the height differential in the vicinity where plaintiff fell varied from one eighth to one half of an inch. In addition, photographs of the scene admitted into evidence disclose that the height differential was minimal in the area where claimant's injury occurred.

The Court of Claims could choose to discount the testimony of plaintiff and her husband based upon a review of the photographs and the contrary testimony which revealed that the significant height differential of approximately two inches existed only in an area of the sundeck where claimant could not have walked and that it gradually decreased to a depth of one inch or less in the area where claimant tripped. While this Court is authorized in a nonjury case to independently weigh the relative probative force of conflicting inferences that may be drawn from the testimony presented (*see, Yoss v State of New York*, 241 AD2d 794, 795; *Cordts v State of New York*, 125 AD2d 746, 749), the Court of Claims' findings regarding the dimensions of the defect which caused claimant's fall are entitled to deference as they are based to a large extent upon an assessment of witness credibility (*see, Munno v State of New York*, 266 AD2d 694, 695). Taking that into consideration, and under all the particular circumstances presented herein, we agree that the defect was too trivial to be actionable (*see, Neumann v Senior Citizens Ctr.*, 273 AD2d 452; *Julian v Sementelli*, 234 AD2d 866, 867-868; *Morales v Riverbay Corp.*, 226 AD2d 271).

Finally, contrary to claimant's contention, the fact that the defect may have been previously noticed by a Gore Mountain employee does not require reversal as it merely demonstrates that the defect was sufficiently visible and possessed none of the characteristics of a nuisance or trap (*see, Burstein v City of New York*, 259 AD2d 579; *Maloid v New York State Elec. & Gas Corp., supra*, at 713).

Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.