■ DENISE TRIONFERO et al., Appellants, v JOHN H. VANDER-
HORN et al., Individually and as Copartners of SARATOGA HIS-
TORIC PROPERTIES, et al., Respondents. [774 NYS2d 612]—

Spain, J. Appeal from a judgment of the Supreme Court (Wil-
liams, J.), entered June 10, 2003 in Saratoga County, which
granted defendants' motions for summary judgment dismissing
the complaint.

Plaintiff Denise Trionfero (hereinafter plaintiff) and her
husband, derivatively, commenced this negligence action to re-
cover for injuries sustained when plaintiff fell while walking on
the sidewalk outside 488 Broadway in the City of Saratoga
Springs, Saratoga County, breaking her elbow. Although,
unfortunately, we do not have the benefit of a decision from
Supreme Court, it granted summary judgment to all defendants
and dismissed the complaint, apparently finding the defect al-
leged in the sidewalk to be too trivial to be actionable. On
plaintiffs' appeal, we affirm.

After reviewing the record in the light most favorable to
plaintiffs (see Wells v British Am. Dev. Corp., 2 AD3d 1141, 1142
n 1 [2003]), we find no reason to disturb Supreme Court's deci-
sion to grant summary judgment to defendants. While the issue
of whether a dangerous or defective condition exists is generally
a question of fact for the jury, " 'all the facts and circumstances
presented, including the dimension of the defect at issue,' must
be assessed to determine if a question of fact exists" (Maloid v
New York State Elec. & Gas Corp., 257 AD2d 712, 713 [1999];
quoting Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]).
Although the minimal nature of an alleged height differential
on a walkway is not in and of itself determinative, "in some in-
stances, the trivial nature of the defect may loom larger than
another element" (Trincere v County of Suffolk, supra at 977).
"Not every injury allegedly caused by an elevated brick or slab
need be submitted to a jury" (id. at 977 [citation omitted]).

Indeed, it is well established that " '[t]he owner of a public
passageway may not be cast in damages for negligent mainte-
nance by reason of trivial defects on a walkway, not constituting
a trap or nuisance, as a consequence of which a pedestrian might
merely stumble, stub his [or her] toes, or trip over a raised pro-

jection' " (*Guerrieri v Summa*, 193 AD2d 647, 647 [1993], quoting *Liebl v Metropolitan Jockey Club*, 10 AD2d 1006, 1006 [1960]). According to plaintiff's deposition testimony, she was walking on the sidewalk when the toe of her sneaker came in contact with the edge of a concrete sidewalk slab, causing her to trip. The record evidence establishes that the slab in question was raised only a trivial amount above the adjacent slab— somewhere between five-eighths and seven-eighths of an inch. Thus, it was plaintiffs' burden to " 'raise a triable issue of fact whether the alleged defect has the characteristics of a trap, snare or nuisance' " (*Leverton v Peters Groceries*, 267 AD2d 1014, 1015 [1999], quoting *Gigliotti v St. Stanislaus Kostka R.C. Church*, 261 AD2d 951, 952 [1999]).

Here, unlike a situation where a significant conflict exists in the proof concerning the height differential and condition of the concrete (*cf. Denmark v Wal-Mart Stores*, 266 AD2d 776, 777 [1999]), it is undisputed that the change in elevation between the sidewalk slabs is less than one inch and plaintiff attributed her fall to the height differential rather than to any deterioration of the edge of the raised concrete slab. It is also undisputed that the weather was fair and the sidewalk was uncrowded and otherwise unobstructed. While plaintiff alleges that she ultimately fell after her right foot tripped because all four slabs which form that portion of the sidewalk were at different elevations, rendering her unable to regain her footing with her left foot, we disagree that this bare allegation transforms the nature of the alleged imperfection from a trivial height differential to an actionable defect. In our view, the condition of the sidewalk as described by the parties and depicted in the photographs did not pose an unreasonable risk of harm to the public and possessed none of the characteristics of a trap or nuisance (*see Maloid v New York State Elec. & Gas Corp., supra* at 713). The alleged facts and circumstances, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time place and circumstance' of the injury" (*Trincere v County of Suffolk, supra* at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]), when viewed as a whole, support Supreme Court's conclusion that defendants were entitled to judgment as a matter of law (*see Trincere v County of Suffolk, supra; Maloid v New York State Elec. & Gas Corp., supra; see also Leverton v Peters Groceries, supra; Gigliotti v St. Stanislaus Kostka R.C. Church, supra; cf. Tracy v St. Patrick's Church Chateaugay*, 234 AD2d 871 [1996]; *Evans v Pyramid Co. of Ithaca*, 184 AD2d 960 [1992]).

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.