■ Sharon Castle, Appellant, v Six Flags, Inc., et al., Respondents. [917 NYS2d 386]—

Spain, J.P. Appeal from an order of the Supreme Court (Krogmann, J.), entered June 29, 2010 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking damages for injuries she sustained when she tripped and fell on a lip created by a height differential in adjoining concrete slabs while she was walking up a ramp in defendants' amusement park, located in the Town of Lake George, Warren County. Defendants successfully moved for summary judgment, and plaintiff appeals.

We affirm, concluding that Supreme Court properly held that the alleged defect is trivial as a matter of law. The "owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his [or her] toes, or trip over a raised projection" (*Liebl v Metropolitan Jockey Club*, 10 AD2d 1006, 1006 [1960]; *see Etkin v Albany Med. Ctr.*, 77 AD3d 1228, 1228-1229 [2010]; *Trionfero v Vanderhorn*, 6 AD3d 903, 903 [2004]). "Whether a defect is so trivial to preclude liability depends on the particular facts of each case and requires consideration of such relevant factors as the dimensions of the alleged defect and the circumstances surrounding the injury" (*Sullivan v State of New York*, 276 AD2d 989, 989 [2000] [citation omitted]; *see Smith v Wilerdam Prop., Inc.*, 50 AD3d 1349, 1349 [2008]), "including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and

circumstances of the injury" (*Wilson v Time Warner Cable*, 6 AD3d 801, 801 [2004]).

In support of their motion for summary judgment, defendants presented plaintiff's deposition testimony and the affidavit of their safety manager, Brian Martineau. Plaintiff stated that she had been using a wheelchair to move about the park due to her inability to walk long distances, but she left the chair and, using a handrail provided on the right side of an inclined concrete walkway, ascended the ramp to a concrete landing from which patrons can access restrooms. Plaintiff alleges that when she reached the top of the ramp, she stumbled on a lip created by the different heights of the ramp and the slab at the top of the ramp. In her deposition, plaintiff did not state the height of the differential between the slabs and admitted that she did not look down at the ramp while she was walking up because she was watching the children and adults coming out of the restrooms. Martineau, on the other hand, affirmatively stated that the differential where plaintiff had fallen was just under one inch. The color photographs submitted with Martineau's affidavit and the black and white photographs originally obtained by plaintiff corroborate his assertion showing a height differential of approximately one inch along the lip.

Further, Martineau's affidavit and the color photographs establish that the height differential between the concrete slabs stands out due to the shade of the concrete in the ramp as compared to the different shade of the concrete in the adjoining slab at the top of the ramp. It is undisputed that the ramp was in good condition, dry and free from debris, and that the day was clear and sunny. Martineau also stated that neither his memory nor records kept by defendants revealed any accident or complaint related to the area where plaintiff fell. Accordingly, given the minimal height differential involved, the good condition of the ramp, the unobstructed view that plaintiff had of the ramp and the well-lit area were the alleged accident occurred, defendants met their burden of establishing that the defect involved in this case is trivial as a matter of law (*see Smith v Wilerdam Prop., Inc.*, 50 AD3d at 1349-1350; *Trionfero v Vanderhorn*, 6 AD3d at 903-904; *Maloid v New York State Elec. & Gas Corp.*, 257 AD2d 712, 713 [1999]).

In opposition, plaintiff offered a report prepared by a licensed engineer who examined the ramp and found "the elevation change to be 1 inch to 1¼ inch in height across the roughly four foot width of the right hand ramp." The expert did not dispute the evidence that the ramp leading to the top was in good condition and the lip was even and clearly visible. In addi-

tion, the expert's suggestion that the steepness of the ramp violated the building code is undermined by his concession that the code he relied upon does not apply to the ramp in question as the ramp was built before the rule took effect and, in any event, is irrelevant as the record provides no foundation for the suggestion that the steepness of the ramp caused or contributed to plaintiff's fall.

Even accepting the assertion of plaintiff's expert that the height differential where she fell was approximately 1¼ inches, we find that plaintiff failed to raise a material question of fact sufficient to defeat defendants' motion for summary judgment. We recognize that there is no predetermined height differential that renders a defect trivial (see *Trionfero v Vanderhorn*, 6 AD3d at 903), and thus have considered the other factors present— including the visibility of the height differential, the even, undamaged state of the lip and the absence of other trap-like features—and conclude that plaintiff failed to raise a material question of fact by demonstrating that the defect complained of was nontrivial or constituted a trap or nuisance (see *Trionfero v Vanderhorn*, 6 AD3d at 904 [seven-eighths-inch differential not actionable where no allegation that the raised slab was deteriorated or uneven]; *Vachon v State of New York*, 286 AD2d 528, 529-530 [2001] [1 to 1½-inch open and obvious differential between granite slabs not actionable]; *Mascaro v State of New York*, 46 AD2d 941, 941 [1974], *affd on other grounds* 38 NY2d 870 [1976] [two-inch differential, easily observable, was too trivial to be actionable]; cf. *Alig v Parkway Parking of N.Y., Inc.*, 36 AD3d 980, 981-982 [2007] [questionable lighting and visibility of broken drain cover in garage floor create issues of fact]; *Wilson v Time Warner Cable*, 6 AD3d at 802 [irregular surface and angle of alleged defect create question of fact]).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.