■ RICHARD J. HARDSOG, Appellant, v PRICE CHOPPER OPERATING COMPANY, INC., et al., Respondents. [952 NYS2d 802]—

McCarthy, J.

As plaintiff was leaving defendants' grocery store, he tripped and fell, resulting in injuries including a fractured hip. Plaintiff, a double amputee who walked with prosthetic legs and two canes, commenced this action and alleged that he tripped because his prosthetic foot got caught in a depression caused by chipped floor tiles. Following discovery, defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for leave to conduct an investigation of the premises. Supreme Court granted defendants' motion, finding that the

defect was trivial as a matter of law, and denied plaintiff's cross motion. Plaintiff appeals.[1]

Because the chipped tiles constituted a trivial defect, we affirm. Generally, "[t]he owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his [or her] toes, or trip over a raised projection" (*Liebl v Metropolitan Jockey Club*, 10 AD2d 1006, 1006 [1960]; *accord Castle v Six Flags, Inc.*, 81 AD3d 1137, 1137 [2011]). No minimum dimension automatically qualifies as an actionable defect; courts must consider whether the defect is trivial in light of all of the circumstances, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997], quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]).

Defendants submitted an affidavit from the store's comanager stating that the ceramic floor tiles were 12 inches square and one-quarter-inch thick. Color photographs show that the corners of two adjacent floor tiles were chipped, creating a color contrast between the tiles and the surface beneath them. The record does not contain any actual measurements of the depression created by the chipped tiles.[2] As for the circumstances of the incident, it occurred mid-afternoon in an enclosed entranceway that was well lit by artificial light as well as sunshine from nearby windows. Defendants' comanager averred that there had been no prior accidents in or complaints regarding the area of plaintiff's fall. Defendants met their initial burden of establishing that the small depression of approximately one-quarter-inch depth was a trivial defect as a matter of law (*see Castle v Six Flags, Inc.*, 81 AD3d at 1138; *Trionfero v Vanderhorn*, 6 AD3d 903, 903-904 [2004]; *Maloid v New York State Elec. & Gas Corp.*, 257 AD2d 712, 713 [1999]).

In opposition, plaintiff submitted the expert affidavit of an architect who reviewed plaintiff's deposition testimony and photographs of the entranceway and chipped tiles. The expert

1. Plaintiff has not addressed on appeal Supreme Court's denial of his cross motion. He has therefore abandoned any argument concerning entitlement to an inspection.

2. Plaintiff did not report any injury to defendants after the fall, nor did he identify to them the cause of his fall, so defendants did not create an incident report. Although plaintiff returned a few weeks later to take photographs, he did not take measurements. At the time the instant motions were filed, several years after the incident, the tiles had apparently been repaired or replaced, making it impossible to ever obtain measurements.

stated that because this type of tile typically includes a one-sixteenth-inch ridge pattern on the underside and it is recommended that they be laid upon a three-eighth-inch mortar bed, the height of the surface defect is greater than one-quarter inch. This greater height differential would make certain standards and codes applicable, leading the expert to opine that defendants violated several standards. Yet the expert did not inspect the scene or have any actual measurements, and he acknowledged that an inspection would be necessary to confirm his assumptions and verify if the tiles and mortar bed were properly laid. As his opinion was based on assumptions, unsupported by evidentiary facts, his opinion was speculative and cannot be relied upon (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Romano v Stanley*, 90 NY2d 444, 451-452 [1997]). Thus, plaintiff's submissions failed to raise a question of fact regarding the trivial nature of the defect. Accordingly, Supreme Court properly concluded that defendants were entitled to summary judgment dismissing the complaint.

Rose, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.