*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    516826
_____

KATHLEEN GILLIS et al.,
                    Appellants,

        v                                   MEMORANDUM AND ORDER

HERZOG SUPPLY COMPANY, INC.,
    et al.,
                    Respondents.
_____

Calendar Date:  September 9, 2014

Before:  Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____

        Mainetti, Mainetti & O'Connor, PC, Kingston (Kevin C. Harp
of counsel), for appellants.

        Office of Theresa J. Puleo, Albany (Murry S. Brower of
counsel), for respondents.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered December 26, 2012 in Ulster County, which granted
defendants' motion for summary judgment dismissing the complaint.

        Plaintiff Kathleen Gillis (hereinafter plaintiff) and her
husband, derivatively, commenced this action to recover for
injuries sustained when plaintiff fell as she stepped across a
curb that separated a parking lot from the entrance to a store
operated by defendant Walgreen Company.  Alleging that the curb
was defective because it had "irregular fracturing, chipping,
erosion, surface wear [and] sinking," plaintiffs commenced this
action against Walgreen and defendant Herzog Supply Company,
Inc., the property owner.  Supreme Court granted defendants'

motion for summary judgment dismissing the complaint, and, on plaintiffs' appeal, we affirm.

Generally, whether a condition is dangerous or merely a nonactionable, trivial defect is a factual question for a jury to resolve (see Alig v Parkway Parking of N.Y., Inc., 36 AD3d 980, 982 [2007]; Lamarre v Rensselaer County Plaza Assoc., 303 AD2d 914, 914-915 [2003]). An owner will not be liable, however, for "'negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance,'" which may cause "'a pedestrian [to] merely stumble, stub his [or her] toes, or trip over a raised projection'" (Hardsog v Price Chopper Operating Co., Inc., 99 AD3d 1130, 1131 [2012], quoting Liebl v Metropolitan Jockey Club, 10 AD2d 1006, 1006 [1960]; accord Smith v Wilerdam Prop., Inc., 50 AD3d 1349, 1349 [2008]). Accordingly, it is sometimes appropriate, after "consideration of such relevant factors as the dimensions of the alleged defect . . ., including [its] width, depth, elevation, irregularity, and appearance . . .[,] as well as the time, place, and circumstances of the injury" (Castle v Six Flags, Inc., 81 AD3d 1137, 1137-1138 [2011] [internal quotation marks and citations omitted]) to conclude as a matter of law that a defect is too trivial to be actionable (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Trionfero v Vanderhorn, 6 AD3d 903, 903 [2004]).

Here, defendants' submissions before Supreme Court included an affidavit by the property owner's maintenance supervisor, the transcript of his examination before trial and photographs of the accident location. The supervisor explained that the store entryway was separated from the black asphalt parking lot by a raised, red concrete slab. The photographs show that the slab is tapered downward toward the asphalt as a handicapped access ramp. Shortly after learning of plaintiff's fall, the supervisor discovered a chip of concrete missing from the slab's curb adjacent to the asphalt. The chip measured 5½ inches wide and one-half inch deep from its deepest point, tapering to the flat face of slab. When asked, he was unable to recall any prior accidents in the area or complaints about the condition of the slab.

Plaintiff testified that after she stepped from the parking

lot onto the concrete slab with her left foot, her right sneaker became "caught" in the "break" in the slab, and she fell. Later, she confirmed that her right toe struck the edge of the curb as she was trying to clear it and step her right foot onto the concrete slab. It was daylight when plaintiff fell and she confirmed at her examination before trial that there were no displays or other visual obstructions present in the entryway. Indeed, she observed and easily stepped up from the parking lot to the slab with her left foot.

Under these circumstances, and upon review of the color photographs of the defect, we conclude that defendants met their initial burden of establishing that the chip in the edge of the curb was a trivial defect (see Hardsog v Price Chopper Operating Co., Inc., 99 AD3d at 1131; Castle v Six Flags, Inc., 81 AD3d at 1138; Etkin v Albany Med. Ctr., 77 AD3d 1228, 1229 [2010]). In response to defendants' prima facie showing, plaintiffs were obligated to submit "evidence to establish that the alleged defect has the characteristics of a trap, snare or nuisance" (Alig v Parkway Parking of N.Y., Inc., 36 AD3d at 982 [internal quotation marks and citation omitted]). Given the undisputed circumstances of plaintiff's fall, her attorney's affirmation, which was of no probative value, was an insufficient response to defendants' prima facie showing (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Accordingly, the motion was properly granted dismissing the complaint.

Lahtinen, J.P., Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court