*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    520121
_____

CRYSTAL MEDINA,
                         Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                         Respondent.
_____


Calendar Date:   September 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.


                    _____


        Edelman Krasin & Jaye, PLLC, Carle Place (Brian J. Isaac of
Pollack, Pollack, Isaac & DeCicco, LLP, New York City, of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.


                    _____


Devine, J.

        Appeal from a judgment of the Court of Claims (Schaewe,
J.), entered February 6, 2014, upon a decision of the court in
favor of defendant.

        Claimant was a student at the State University of New York
at Binghamton and, in November 2010, broke her left ankle after
falling on a campus sidewalk.  This action followed in short
order, with claimant alleging that defendant negligently allowed
the existence of the uneven sidewalk that led to her injuries.
After a nonjury trial, the Court of Claims rendered a decision
finding that the offending condition was trivial and that, in any
event, defendant lacked actual or constructive notice of it.
Claimant appeals from the ensuing judgment dismissing the claim.

"An owner will not be liable . . . for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, which may cause a pedestrian [to] merely stumble, stub his [or her] toes, or trip over a raised projection" (Gillis v Herzog Supply Co., Inc., 121 AD3d 1334, 1335 [2014] [internal quotation marks and citations omitted]; see Vachon v State of New York, 286 AD2d 528, 530 [2001]). Claimant disputes the finding of the Court of Claims that the defect was trivial and, as she points out, we are "vested with broad authority to independently review the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record in this nonjury case" (Shon v State of New York, 75 AD3d 1035, 1036 [2010]). After conducting that independent review, we agree with the Court of Claims that the defect was indeed trivial.

There is no set point at which a height differential on a sidewalk will rise above the level of triviality and become a dangerous condition (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Hardsog v Price Chopper Operating Co., Inc., 99 AD3d 1130, 1131 [2012]; Trionfero v Vanderhorn, 6 AD3d 903, 903 [2004]). Instead, "[w]hether a defect is so trivial to preclude liability depends on the particular facts of each case and requires consideration of such relevant factors as the dimensions of the alleged defect and the circumstances surrounding the injury" (Sullivan v State of New York, 276 AD2d 989, 989 [2000]; accord Castle v Six Flags, Inc., 81 AD3d 1137, 1137 [2011]; see Trincere v County of Suffolk, 90 NY2d at 977-978). In weighing those factors, we will, of course, accord deference to the factual findings made by the Court of Claims, "since they are based upon the court's assessment of the witnesses' credibility, expert or otherwise" (Vachon v State of New York, 286 AD2d at 530; see Grover v State of New York, 294 AD2d 690, 691 [2002]).

Claimant stated that the accident occurred on a secondary sidewalk during a rainy fall evening and, although she indicated that the area was dimly lit, both photographs of the area and other trial testimony reveal that it was illuminated by external lights installed nearby. The Court of Claims found claimant to be credible when she testified that the accident occurred when

she inadvertently placed her left foot on the edge of a dropoff in the pavement after slipping on mud, which caused her left ankle to roll, buckle and break.  Photographs confirm that the sidewalk dropped off in the area where claimant fell, which the former grounds manager at the university suggested may have been due to a layer of asphalt "hav[ing] peeled away in that section." No complaints had been made about the dropoff, however, and neither the groundskeeper who cared for the area nor the grounds manager recalled noticing it before claimant was injured.  There were also no actual measurements of the depth of the dropoff, and the grounds manager reviewed photographs of the condition and opined that the depth was "much less" than the two inches that claimant believed it to be.  Our review of those photographs leads us to agree with the assessment of the grounds manager that the dropoff was a minimal one.  Thus, the facts and circumstances established at trial support the determination of the Court of Claims that the dropoff was simply too trivial to be actionable (see Grover v State of New York, 294 AD2d at 691; Sullivan v State of New York, 276 AD2d at 990; see also Lamarre v Rensselaer County Plaza Assoc., 303 AD2d 914, 914 [2003]; Maloid v New York State Elec. & Gas Corp., 257 AD2d 712, 713 [1999]).

In light of the foregoing, we need not reach the remaining arguments of claimant.

Lahtinen, J.P., Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court