*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 3, 2016                    521141
_____

DIANE CHIRUMBOLO,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

78 EXCHANGE STREET, LLC,
                    Respondent.
_____

Calendar Date:   January 7, 2016

Before:   Peters, P.J., Garry, Rose and Lynch, JJ.

                    _____

        Robert C. Kilmer, Binghamton, for appellant.

        Kenney Shelton Liptak Nowak LLP, Buffalo (Robert A.
Crawford Jr. of counsel), for respondent.

                    _____

Peters, P.J.

        Appeal from an order of the Supreme Court (Reynolds
Fitzgerald, J.), entered February 9, 2015 in Broome County, which
granted defendant's motion for summary judgment dismissing the
complaint.

        Plaintiff commenced this action to recover for injuries
sustained when she tripped on a lip created by a height
differential in adjoining concrete slabs while walking on a
sidewalk in front of defendant's property in the City of
Binghamton, Broome County.  Following joinder of issue, defendant
moved for summary judgment dismissing the complaint on the ground
that the alleged defect was trivial as a matter of law.  Supreme
Court granted the motion, prompting this appeal.

Viewing the evidence in the light most favorable to plaintiff (see Gronski v County of Monroe, 18 NY3d 374, 381 [2011]), we find that summary judgment was properly granted to defendant. A property owner "'may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his [or her] toes, or trip over a raised projection'" (Hardsog v Price Chopper Operating Co., Inc., 99 AD3d 1130, 1131 [2012], quoting Liebl v Metropolitan Jockey Club, 10 AD2d 1006, 1006 [1960]; see Gillis v Herzog Supply Co., Inc., 121 AD3d 1334, 1135 [2014]). "Whether a defect is so trivial to preclude liability depends on the particular facts of each case and requires consideration of such relevant factors as the dimensions of the alleged defect and the circumstances surrounding the injury, including the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place and circumstances of the injury" (Castle v Six Flags, Inc., 81 AD3d 1137, 1137-1138 [2011] [internal quotation marks and citations omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]; Medina v State of New York, 133 AD3d 943, 944 [2015]).

Here, defendant's submissions in support of its motion included plaintiff's deposition testimony and photographs of the accident site. Plaintiff testified that she was familiar with the area and had traversed the subject sidewalk approximately 100 times over the course of some 60 years, including earlier on the day of the accident as well as two weeks prior thereto. She explained that, as she was walking back to her car from an insurance office, her left foot "caught the edging" of the concrete slab adjacent to the one in which she was walking, causing her to trip. Plaintiff admitted that she was not looking down at the sidewalk while she was walking and it is undisputed that, at the time of her fall, the weather was clear, there was no snow or ice on the ground and the sidewalk was unobstructed and free of debris. Photographs of the portion of the sidewalk at issue demonstrate that it is relatively smooth and show only a slight height differential between the adjacent slabs of concrete, which were of different shades. Such evidence satisfied defendant's initial burden of making a prima facie showing that any alleged defect in the sidewalk was too trivial

to be actionable (see Gillis v Herzog Supply Co., Inc., 121 AD3d at 1336; Hardsog v Price Chopper Operating Co., Inc., 99 AD3d at 1131; Castle v Six Flags, Inc., 81 AD3d at 1138; Trionfero v Vanderhorn, 6 AD3d 903, 904 [2004]).

In opposition to the motion, plaintiff proffered her own affidavit as well as that of a self-employed contractor who examined the portion of the sidewalk where plaintiff fell and opined that it was "maintained in a manner below industry standards." The contractor's affidavit fails to set forth the information necessary to determine whether he possesses "'the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable'" (Flanger v 2461 Elm Realty Corp., 123 AD3d 1196, 1197 [2014], quoting Matott v Ward, 48 NY2d 455, 459 [1979]; see Houck v Simoes, 85 AD3d 967, 968 [2011]; Hofmann v Toys "R" Us, NY Ltd. Partnership, 272 AD2d 296, 296 [2000]). In any event, while finding that the concrete sloped downward approximately two inches over the 12 linear inches leading up to the adjacent slab on which plaintiff tripped, the contractor failed to identify any applicable code, industry standard or accepted practice that was violated (see Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 9 [2005]; Hardsog v Price Chopper Operating Co., Inc., 99 AD3d at 1132; Guldy v Pyramid Corp., 222 AD2d 815, 816 [1995]). His reference to the Americans With Disabilities Act is misplaced inasmuch as the Act does not set a safety standard of care (see Corbett v Adelphia W. N.Y. Holdings, LLC, 45 AD3d 1293, 1295 [2007]; see generally Lugo v St. Nicholas Assoc., 18 AD3d 341 [2005]). As plaintiff's submissions failed to raise a question of fact concerning the trivial nature of the defect, the complaint was properly dismissed.

Garry, Rose and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court