*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016                    522411
_____

EUGENIA BRUMM,
                    Respondent,

        v
                                         MEMORANDUM AND ORDER

ST. PAUL'S EVANGELICAL
    LUTHERAN CHURCH,
                    Appellant.
_____

Calendar Date:  September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

_____

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert A. Rausch of counsel), for appellant.

        O'Connell & Aronowitz, Saratoga Springs (Paul Pelagalli of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the Supreme Court (R. Sise, J.), entered September 18, 2015 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

        In March 2012, plaintiff tripped and fell on a sidewalk adjacent to property owned by defendant in the City of Saratoga Springs, Saratoga County.  She commenced this negligence action asserting that her fall was caused by a deteriorated portion of the sidewalk.[1]  Following discovery, defendant moved for summary

_____

        [1]  Pursuant to Code of the City of Saratoga Springs § 203-225, adjacent landowners are responsible for the maintenance and

judgment dismissing the complaint, arguing, as pertinent here, that the sidewalk defect was too trivial to be actionable and that plaintiff's identification of the defect as the cause of her fall was speculative. Plaintiff opposed the motion, and Supreme Court denied it. Defendant appeals.

We agree with Supreme Court that defendant did not meet its burden to establish on a prima facie basis that the alleged defect "was too trivial to be actionable" (Chirumbolo v 78 Exch. St., LLC, 137 AD3d 1358, 1359 [2016]). While property owners are not held liable for trivial defects, "a small difference in height or other physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it unreasonably imperils the safety of a pedestrian" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 78 [2015] [internal quotation marks, brackets and citation omitted]). Factors to be taken into account include "the width, depth, elevation, irregularity, and appearance of the defect as well as the time, place, and circumstances of the injury" (Wilson v Time Warner Cable, 6 AD3d 801, 801 [2004] [internal quotation marks and citation omitted]; accord Alig v Parkway Parking of N.Y., Inc., 36 AD3d 980, 981-982 [2007]). Whether a property condition constitutes an actionable defect is generally a factual question to be resolved by a jury (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Gillis v Herzog Supply Co., Inc., 121 AD3d 1334, 1335 [2014]).

Plaintiff, a parishioner at defendant's church, testified that the weather was clear and there was no snow on the ground at the time of her fall. She was approaching the church in the late morning, carrying a handbag and a binder, when the toe of her right foot caught on something. As she took the next step, her left ankle rolled and she fell. She was taken to a hospital for treatment of serious injuries to her ankle, wrist and hand. At the time of her fall, plaintiff did not look at the sidewalk to determine the precise cause, but she returned to the site approximately one month later and identified a cracked, uneven

---

repair of sidewalks and for any liability resulting from the failure to do so.

area of the sidewalk as the location and cause of her fall.  Her expert witness, a forensic architect, photographed a crack measuring 18 inches long in what he described as a "deteriorated[] and uneven sidewalk flag," with a raised vertical surface of approximately one inch.  Based upon his observations and experience, the expert opined with a reasonable degree of professional certainty that the defect created a dangerous condition, and that this condition had existed for an extended period of time before plaintiff's fall.

As defendant contends, there is authority to the effect that small changes in elevation in walkways that are otherwise in good condition are trivial and nonactionable as a matter of law (see e.g. Chirumbolo v 78 Exch. St., LLC, 137 AD3d at 1359 ["slight" height differential]; Castle v Six Flags, Inc., 81 AD3d 1137, 1138 [2011] [height differential of about one inch]; Smith v Wilerdam Prop., Inc., 50 AD3d 1349, 1349-1350 [2008] [height differential of one-quarter inch]; Trionfero v Vanderhorn, 6 AD3d 903, 904 [2004] [height differential of less than one inch]).  However, when – as here – a height differential results from the deterioration in a walkway that is cracked or broken, a triable issue of fact may be posed as to whether the accident was caused by an actionable dangerous condition (see Tese-Milner v 30 E. 85th St. Co., 60 AD3d 458, 458 [2009] ["a depressed area with a rough, uneven surface"]; Hahn v Wilhelm, 54 AD3d 896, 897 [2008] ["a cracked and uneven" surface]; Mishaan v Tobias, 32 AD3d 1000, 1001-1002 [2006] ["a cracked and broken sidewalk"]; see also Denmark v Wal-Mart Stores, 266 AD2d 776, 777 [1999] [conflicting testimony as to whether concrete was missing from depressed area in walkway]).

Photographs of the sidewalk where plaintiff fell depict a deteriorated area with various cracks in several adjacent slabs on the side of the walk bordering the street.  In the location where plaintiff alleges her accident occurred, the deteriorated area takes up approximately one third of the sidewalk.  The photographs reveal that the cracked section of concrete where plaintiff fell is depressed below the surface of the rest of the sidewalk, creating a raised, irregular vertical edge measuring, as previously noted, approximately one inch high and 18 inches long.  In view of the length and depth of the crack where the

fall occurred, the uneven surface of the walkway and the overall size of the deteriorated area, we agree with Supreme Court that it cannot be determined as a matter of law that the condition "was so trivial and slight in nature that it could not reasonably have been foreseen that an accident would happen" (Evans v Pyramid Co. of Ithaca, 184 AD2d 960, 960 [1992]; accord Tracy v St. Patrick's Church, 234 AD2d 871, 871-872 [1996]).

Defendant likewise failed to meet its burden to prove on a prima facie basis that plaintiff's identification of the location of her fall was too uncertain to establish that the defect was the proximate cause of the fall. A defendant can meet this burden by proving "that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Ash v City of New York, 109 AD3d 854, 855 [2013]; see Lane v Texas Roadhouse Holdings, LLC, 96 AD3d 1364, 1364 [2012]). However, even when a plaintiff is unable to identify the cause of a fall with certainty, "a case of negligence based wholly on circumstantial evidence may be established if the plaintiff[] show[s] facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (Seelinger v Town of Middletown, 79 AD3d 1227, 1229 [2010] [internal quotation marks, brackets and citations omitted]).

Here, although plaintiff acknowledged the delay in identifying the cause of her fall, she testified that she knew that her toe had caught on some object and decided to examine the location in question because she knew that it was "where something has to be." She identified the cracked area as "exactly that spot that [her] shoe caught." Although plaintiff's statements were not without some inconsistencies, we find her testimony adequate to allow a jury to rationally infer that the cracked area of the sidewalk caused her fall, without being forced to resort to mere speculation and surmise. Accordingly, Supreme Court properly denied defendant's summary judgment motion on this issue (see Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1488 [2014]; Seelinger v Town of Middletown, 79 AD3d at 1229-1230; DiGiantomasso v City of New York, 55 AD3d 502, 502-503 [2008]).

Peters, P.J., McCarthy, Clark and Aarons, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court