Gami v Cornell Univ. (2018 NY Slip Op 04812)





Gami v Cornell Univ.


2018 NY Slip Op 04812


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018

525828

[*1]PUSHPA GAMI, Appellant,
v
CORNELL UNIVERSITY, Respondent, et al., Defendant.

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Ronai & Ronai LLP, Port Chester (Ephrem J. Wertenteil, New York City, of counsel), for appellant.
Jared M. Pittman, Cornell University, Ithaca, for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Rumsey, J.), entered February 9, 2017 in Tompkins County, which, among other things, granted a cross motion by defendant Cornell University for summary judgment dismissing the complaint against it.
In June 2014, plaintiff was riding her bicycle on a roadway located on the campus of defendant Cornell University (hereinafter defendant) when she suffered injuries after she fell over her handlebars. According to plaintiff, the accident was caused by her bicycle coming to an abrupt stop when her front wheel made contact with a deteriorated area of asphalt abutting a crosswalk. She commenced this negligence action against defendant, alleging that it failed to properly maintain the roadway. Following joinder of issue, plaintiff moved for partial summary judgment as to liability and defendant cross-moved for summary judgment dismissing the complaint. Holding that the defect in question was trivial, Supreme Court denied plaintiff's motion, granted defendant's cross motion and dismissed the complaint. Plaintiff appeals and we affirm.
Although a landowner has a duty to maintain its property in a reasonably safe condition (see McNally v Kiki, Inc., 92 AD3d 1105, 1106 [2012]; DaBiere v Craig, 284 AD2d 885, 886 [2001]), trivial defects are not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d [*2]66, 77-78 [2015]; Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]. "[T]here is no predetermined height differential that renders a defect trivial" (Castle v Six Flags, Inc., 81 AD3d 1137, 1139 [2011]; see Medina v State of New York, 133 AD3d 943, 944 [2015], lv denied 27 NY3d 905 [2016]; see also Trincere v County of Suffolk, 90 NY2d at 977-978). Instead, courts must consider "the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks and citation omitted]; see Caldwell v Village of Is. Park, 304 NY 268, 274 [1952] ["(n)egligence arises from breach of duty and is relative to time, place and circumstance"]). Thus, "a small difference in height or other physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it unreasonably imperil[s] the safety of a pedestrian" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 78 [internal quotation marks and citation omitted]).
In contrast with the prototypical trivial defect case, which usually involves a pedestrian who trips or falls, we are presented with a bicyclist who purports that her 26-inch tire hit what is, essentially, a 1½-inch deep and two-inch-wide pothole (compare Fornuto v County of Nassau, 149 AD3d 910, 911 [2017]). There are no quarrels over the dimensions of the defect or that plaintiff's fall occurred on a clear, dry day. The record includes photographs that confirm the size and location of the defect, relative to the roadway and crosswalk, and evinces that plaintiff previously traversed this area on bicycle several times prior to the accident, without incident. The photographs also reveal that the crosswalk against which the defect is located, made of bricks and demarcated from the asphalt with a granite boarder, would be visible to a bicyclist well before his or her tires made contact with the defect. This evidence was sufficient to satisfy defendant's prima facie burden on its cross motion for summary judgment (compare Kam Lin Chee v DiPaolo, 138 AD3d 780, 782-783 [2016]; Chirumbolo v 78 Exch. St., LLC, 137 AD3d 1358, 1359 [2016]; Garcia v 549 Inwood Assoc., LLC, 136 AD3d 555, 556 [2016]; James v Newport Gardens, Inc., 70 AD3d 1002, 1004 [2010]).
In opposition to defendant's cross motion, plaintiff failed to raise a triable issue of fact (compare Gillis v Herzog Supply Co., Inc., 121 AD3d 1334, 1335-1336 [2014]; James v Newport Gardens, Inc., 70 AD3d at 1004). In concluding that there is an issue of fact, the dissent primarily relies upon the disagreement between the parties' respective expert witnesses about whether the defect in question could have caused plaintiff to be propelled over her handlebars. This evidence, however, goes to causation, which we need not consider because there is no question of fact that defendant did not breach a duty to plaintiff in the first instance (compare Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d 1224, 1226-1227 [2016]). Absent additional evidence of circumstances that magnify the danger posed by this small pothole — a common roadway abnormality — we conclude that Supreme Court properly granted defendant's cross motion for summary judgment.
Devine, Clark and Pritzker, JJ., concur.




Lynch, J. (dissenting).


I respectfully dissent. Color photographs in the record reveal that an irregular portion of the asphalt — approximately 10 inches long and 2 inches wide — had sunk and was partially missing adjacent to a granite border along a raised crosswalk, and that portions of the granite [*3]were chipped. William Meyer, the expert testifying on behalf of defendant Cornell University (hereinafter defendant), indicated that the defect was approximately one-inch deep. According to Meyer, the 26-inch diameter of plaintiff's bicycle wheels would have traveled over the defect without incident. Meyer further opined that the front wheel "lacked any evidence of front impact damage" and surmised that plaintiff either applied the brakes abruptly or the brakes failed to release.
Accepting that defendant met its prima facie burden of proof that the defect was trivial (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]), plaintiff testified that she did not apply the brakes and that the bicycle "got stuck in the ditch" causing her to pitch forward. Plaintiff's expert, Nicholas Bellizzi, described the defect — located adjacent to a raised stone paver crosswalk — as a "pothole" that was "uneven, non-flush, non-uniform and irregular in shape." Given these characteristics, Bellizzi opined that the defect could and did "trap [plaintiff's] bicycle wheel and cause loss of control." Bellizzi's opinion relied, in part, on the campus police report, which stated that the defect was one inch to 1½ inches in depth. In that report, one of the responding officers characterized the pothole as "considerable" and that the sunken asphalt created a "considerable lip." The report also noted that the front wheel rim was bent. Plaintiff's other expert, Eugene Camerota, examined the bicycle, confirmed that the front wheel rim was bent and opined that the damage was consistent with a finding that there was a "targeted" force — such as impact with the pothole — that engaged the bike wheel and caused the accident. Like Bellizzi, Camerota noted the juxtaposition of the defect and the raised crosswalk.
That this incident occurred on a roadway involving a bicyclist does not obviate the landowner's duty to maintain the condition of the roadway in a reasonably safe condition for motor vehicles and bicyclists alike. I am mindful that the issue here is not causation but, rather, whether the nature of the condition was such as to provide notice to the landowner that the roadway was not reasonably safe. Conceptually, the abrupt nature of the accident and purported damage to the front bicycle rim speak to causation, but these factors also reflect the hazardous nature of the condition. Given the circumstances of the accident, including the characteristics of the defect and the conflicting expert opinions, and viewing this evidence in a light most favorable to plaintiff, the nonmoving party, I conclude that a question of fact has been raised as to whether the defective condition is actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d 1224, 1226 [2016]).
With respect to defendant's notice of the defective condition, the record confirms that, during 2014, defendant's grounds department did periodic inspections of the roads and crosswalks. Bellizzi opined that the characteristics of the pothole indicated that it had been there for a long period of time before the accident. These factors, combined, raise a question of fact as to whether defendant, at a minimum, had constructive notice of the defect (see Carter v State of New York, 119 AD3d 1198, 1199-1200 [2014]). As such, I would deny defendant's motion for summary judgment.
ORDERED that the order is affirmed, with costs.